IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL M. JEFFREYS-BEY, #197457   *
       Petitioner,
     v.                                       *      CIVIL ACTION NO. DKC-13-3694

JOHN WOLFE, *et al*.                *
       Respondents.
                                              *****

## **MEMORANDUM OPINION**

Petitioner Michael Jeffreys-Bey, a state inmate incarcerated at the Jessup Correctional Institution, filed the instant self-represented "flesh and blood"[1] Petition for habeas corpus relief challenging his 1989 convictions in the Circuit Court for Prince George's County.[2] Respondents have filed a Limited Response which addressed the timeliness of the Petition. ECF No. 9. Jeffreys-Bey, who was granted additional time to file a Reply, has done so.[3] ECF No. 12. Upon review of

---

[1] A growing number of prisoners adhere to a "flesh and blood" sovereign man philosophy. *See United States v. Mitchell,* 405 F.Supp.2d 602, 603–06 (D. Md. 2005). Such a defense has been repeatedly rejected and has been viewed by this circuit as a "self-defeating legal strategy." *See United States v. Jenkins,* 311 Fed. Appx. 655, 656 (4th Cir. 2009).

[2] When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811; *see McIntosh,* 115 F.3d at 811–12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution [length and duration] of his sentence is properly brought pursuant to § 2241.); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). When received in its original form the Petition was construed as a habeas corpus application filed pursuant to 28 U.S.CC. § 2241. Upon receipt of Jeffreys-Bey's court-ordered Supplemental Petition which challenged the legality of his confinement, the court treated the matter as a 28 U.S.C. § 2254 Petition.

[3] Jeffreys-Bey has also filed a Motion for Instruction, acknowledging that the Attorney General sought dismissal of the Petition as untimely, but raising claims that the Attorney General had failed to file a timely response and had "aided and abetted" his unlawful imprisonment by not providing him unspecified documents. ECF No. 10. He asks the court to inform him as to "what is his remedy?" The Motion shall be denied.

the papers and exhibits, the court finds no need for an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.  For reasons that follow, the court concludes that the Petition is time-barred, and it will be denied and dismissed by separate Order.

**Procedural History**

On February 3, 1989, a jury convicted Jeffreys-Bey of two counts of first-degree murder, conspiracy to commit first-degree murder, and two counts of use of a handgun in the commission of a felony.  ECF No. 9, Exs. 1 & 2.  On March 17, 1989, Circuit Court Judge Graydon S. McKee sentenced Jeffreys-Bey to life plus fifteen years.  The Court of Special Appeals of Maryland affirmed Jeffreys-Bey's convictions and sentences on December 21, 1989.  He did not seek further review in the State appellate courts.  Some fifteen years later, on April 21, 2005, Jeffreys-Bey filed a petition for post-conviction relief in the Circuit Court.  ECF No. 9, Exs. 1 & 2.  The petition was denied by Judge Michael P. Whalen on April 3, 2006.  On December 29, 2006, Jeffreys-Bey's application for leave to appeal was denied by the Court of Special Appeals of Maryland.  *Id.*, Ex. 3.  No further review was taken by Jeffeys-Bey.

On March 19, 2010, Jeffreys-Bey filed a motion to correct an illegal sentence in the Circuit Court, which was denied on July 22, 2010.  *Id.*, Exs. 1 & 4.  The Court of Special Appeals of Maryland denied Jeffreys-Bey's appeal on September 10, 2013, and issued its mandate on October 11, 2013.  *Id.*  Jeffreys-Bey sought no further review in State court.  Thus, the determination of his motion to correct an illegal sentence became final under Md. Rule 8-302(a) on October 26, 2013.

**Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. §2244(d).[4] Jeffreys-Bey, whose conviction became final in January of 1990, had one year from the effective date of AEDPA to file his petition in this Court. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

---

[4] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition was not, however, filed until December 3, 2013, approximately fifteen years later.[5]  Under a generous construction, no state post-conviction petition was pending to statutorily toll the limitation period under § 2244(d)(2) from April 24, 1996 to April 11, 2005.  Thus, this Petition was filed well outside the one-year statute of limitations period.

In his Reply, Jeffreys-Bey seemingly contends that the AEDPA does not apply to this case.[6] ECF No. 12.  He offers no cogent explanation for the late filing and the court finds no grounds for equitable tolling.[7]  Jeffreys-Bey did not advance his claims within a reasonable time of their availability.  His Petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

---

[5]  Affording the Petition the most generous of filing dates, it is deemed as filed by Jeffreys-Bey on December 3, 2013, the date on which it was signed and presumably deposited with prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

[6]  Jeffreys-Bey seemingly argues that his commitment record is "void" based upon the decision of the Court of Special Appeals of Maryland, his status as a "debtor" and the failure to provide him "proof of the claim."

[7]  Section 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  By its terms § 2244(d)(1) does not limit its application to petitions brought by state prisoners pursuant to § 2254.  The Sixth Circuit has applied the § 2244(d(1) limitations period to § 2241 claims in several unpublished opinions.  *See, e. g, Allen v. White,* 185 Fed. Appx. 487, 490 (noting that even if the petitioner's § 2254 petition had been converted to a § 2241 petition, it would be untimely under § 2244(d)); *Brock v. Howes,* 96 Fed. Appx. 968, 969 (6th Cir. 2004) (holding that the § 2244(d)(1) statute of limitations applied to the state prisoner's § 2241 petition).  At least two other circuits have concluded that the § 2244(d)(1) one-year statute of limitations applies to habeas petitions filed by state prisoners under § 2241. *See, e.g., Burger v. Scott,* 317 F.3d 1133, 1138 (10th Cir. 2003) ("[A]pplications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations."); *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000) ("Section 2244(d)(1) applies to every application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  It does not distinguish between applications under § 2241 and those under § 2254."); *see also Wade v. Robinson,* 327 F.3d 328, 331 (4th Cir. 2003) ("The ... plain language [of § 2244(d)(1)] reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgments.  The section does not distinguish based on the contents of a petitioner's claim, but encompasses all applications[s] for writ of habeas corpus.").  Even were

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Jeffreys-Bey does not satisfy this standard, and the court declines to issue a COA.  A separate Order shall be entered in accordance herewith.

Date:  February 2, 2015                            /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

this court to construe this Petition as Jeffreys-Bey's attempt to pursue a "flesh and blood" sovereign man defense to the validity of his commitment, it would find the claim time-barred.